**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
HOWARD LIPSET and SANDRA LIPSET,              Docket No.:

      Plaintiffs,

   -against-                                                **VERIFIED COMPLAINT**

                    **PLAINTIFF DEMANDS**
                    **A TRIAL BY JURY**
FIRST REPUBLIC BANK, and JPMORGAN CHASE
BANK, N.A., as successor in interest to FIRST REPUBLIC
BANK,

      Defendants.
---------------------------------------------------------------------x

  Plaintiffs Howard Lipset and Sandra Lipset ("Plaintiffs") by their attorneys White & Hilferty, as and for their Verified Complaint, hereby allege the following:

## NATURE OF THE CASE

  1. In 2008, Plaintiffs Howard and Sandra Lipset refinanced the mortgage of their home with First Republic Bank. Pursuant to their agreement, First Republic was to amortize the principal payments to satisfy the loan. However, First Republic failed to properly amortize the principal payments, in addition to charging a higher-than-agreed-upon interest rate, to the effect that First Republic deprived the Lipsets of equity at the time of the sale of the house. Plaintiffs bring this action for breach of contract and unjust enrichment for Defendant's willful and unlawful mortgage policies, patterns and practice.

1

**JURISDICTION & VENUE**

2. The Court has jurisdiction over this action pursuant to 28 USC § 1332 as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is the judicial district in which Defendant JPMorgan Chase, successor in interest to Defendant First Republic Bank, resides.

**PARTIES**

4. Plaintiff Howard Lipset is a resident of the State of New Jersey, County of Morris, residing at 92 Drake Way, Flanders, New Jersey 07836.

5. Plaintiff Sandra Lipset is a resident of the State of New Jersey, County of Morris, residing at 92 Drake Way, Flanders, New Jersey 07836.

6. At all relevant times, Plaintiff Howard Lipset was a resident of the State of New York, County of Nassau, residing at 18 Longwood Road, Sands Point, New York 11050.

7. At all relevant times, Plaintiff Sandra Lipset was a resident of the State of New York, County of Nassau, residing at 18 Longwood Road, Sands Point, New York 11050.

8. At all relevant times, First Republic Bank ("First Republic") was a business corporation licensed to do business in the State of New York with its principle place of business at 111 Pine Street, 2nd Floor, San Francisco, California, 94111, and with offices and doing business in New York, including 1230 6th Ave., New York, New York 10020.

9. Defendant JPMorgan Chase Bank, NA ("Chase") is a business corporation organized pursuant to the laws of the State of Delaware and licensed to do business in the State of New York. Chase's principal executive offices are located at 383 Park Avenue, New York, New York 10179. Chase purchased First Republic's assets on May 1, 2023.

**RELEVANT FACTS**

10. This action arises out of the Lipsets refinancing the mortgage for their home with First Republic at 18 Longwood Road, Sands Point, New York 11050.

11. On or about April 21, 2008, Plaintiff entered into a written contract with Defendant entitled Fixed/Adjustable Rate Note (the "Note").  A copy of the Note is attached as Exhibit "A."

12. First Republic loaned the Lipsets the amount of $1,190,000 for the refinancing of their home at 18 Longwood Road, Sands Point, New York 11050.

13. The Note provided for interest-only payments for the first five years of the loan at a fixed rate of 5.350% APR.  Note, Ex. A, at §§ 2 and 3(A).

14. The Lipsets made these interest-only payments as obligated.

15. Beginning May 2013, the fixed interest rate was to change to an adjustable rate which added two percentage points to the LIBOR rate.  Note, Ex. A, at § 3(A)-(B).

16. However, with the change of rate, First Republic was to charge the Lipsets monthly payments of interest and principal to self-amortize the loan by May 1, 2038.  Note, Ex. A, at § 3(A).

17. Beginning in June 2013, First Republic began sending the Lipsets monthly statements bifurcating payments to reflect a payment on the adjustable interest rate and what First Republic purported to be self-amortizing principal payments.

18. First Republic automatically withdrew from the Lipsets' account all required payments calculated in their monthly statements sent to the Lipsets.

19. The Lipsets sold their home at 18 Longwood Road, Sands Point, New York 11050 in June 2021.

20. After selling the property, the Lipsets discovered that the statement amounts First Republic had been sending and withdrawing each month were not self-amortizing per the Note.

21. From June 2013 to May 2021, First Republic's calculations failed to properly amortize the principal for approximately 95 payments, in breach of its obligations under the Note.

22. From June 2013 to May 2021, First Republic's calculations over-charged interest each month for approximately 95 payments, in breach of its obligations under the Note.

23. During the period from June 2013 to May 2021, First Republic also charged a higher adjustable interest rate in certain months that did not reflect two percentage points above the LIBOR rate, in breach of its obligations under the Note.

24. As a result of First Republic's breach of its obligations under the Note, the Lipsets were deprived of the full equity funds due to them at the time of sale in June 2021.

25. On May 1, 2023, the California Department of Financial Protection and Innovation closed First Republic and appointed the Federal Deposit Insurance Corporation as receiver.

26. On May 1, 2023, Chase purchased First Republic's assets.

27. As of the filing of this Complaint, Plaintiffs were and still are deprived of the full value of their equity as a result of First Republic's breach of its obligations under the Note.

28. Plaintiffs have repeatedly notified First Republic of its breach of contract and demanded payment.

29. First Republic has ignored all demands by Plaintiffs for payment of the outstanding sums.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT
## <u>AGAINST FIRST REPUBLIC AND CHASE</u>

30.     Plaintiffs repeat and reallege each and every paragraph above as if said paragraphs were more fully set forth herein at length.

31.     Plaintiffs and First Republic entered into a written agreement–the Note—on or about April 21, 2008.

32.     Plaintiffs at all times adhered to the provisions of the Note and duly performed the obligations under it.

33.     First Republic breached the Note by failing to calculate monthly mortgage payments in a way that would amortize the principal of the loan.

34.     First Republic breached the Note by misallocating monthly payments of interest and principal that resulted in over-allocating the amount due to interest payments and reducing the amount allocated to principal payments, resulting in the failure to properly amortize the principal.

35.     First Republic breached the Note by charging higher adjustable interest rates in certain months that did not reflect two percentage points above the LIBOR rate.

36.     As a result of Chase's purchase of First Republic's assets, it is the successor in interest and liable for damages resulting from First Republic's breach.

37.     As a result of First Republic's breach of contract, Plaintiffs have been damaged in an amount to be determined at trial, plus applicable taxes, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
## <u>AGAINST FIRST REPUBLIC AND CHASE</u>

38. Plaintiffs repeat and reallege each and every paragraph above as if said paragraphs were more fully set forth herein at length.

39. Defendants have been unjustly enriched at Plaintiff's expense by receipt of improperly calculated mortgage payments in excess to those set forth in the Note.

40. Defendants' improper calculations deprived Plaintiffs of the full amount owed to them upon the sale of their home.

41. It is against equity and good conscience to permit Defendants to retain the value of those improperly-calculated payments.

42. As a result of Defendant's unjust enrichment, Plaintiff has been damaged in an amount to be determined at trial, plus applicable taxes, costs, and disbursements.

**WHEREFORE** Plaintiffs Howard and Sandra Lipset demand judgment as follows:

a) On the First Cause of Action for Breach of Contract, in an amount to be determined at trial;

b) On the Second Cause of Action for Unjust Enrichment, in an amount to be determined at trial;

c) Attorney's fees;

d) The costs and disbursements of this action; and

e) Such other and further relief as this Court may deem just, proper, and equitable.

Dated: New York, New York
       September 28, 2023

                      White & Hilferty

By:    /s/
       Michael P. Hilferty
       Samantha E. Hudler
       *Attorneys for Plaintiff*
       757 Third Avenue, 20th Floor
       New York, New York 10017